# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Tomovia Larae Hall** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number (If known) | **19-10546** | | |

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

   (a) This plan:
   ☑ contains nonstandard provisions. See paragraph 15 below.
   ☐ does not contain nonstandard provisions.

   (b) This plan:
   ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☑ does not value claim(s) that secures collateral.

   (c) This plan:
   ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
   ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**534.00** for the applicable commitment period of:

   ☐ 60 months: **or**

   ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

   (b) The payments under paragraph 2(a) shall be paid:

   ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

   ☑ Debtor 1 __**100**__ % ☐ Debtor 2 ____ %

   ☐ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

   (c) Additional Payments of $**0** (estimated amount) will be made on _____, (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

   (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | Tomovia Larae Hall | | Case number | 19-10546 |
|---|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| **-NONE-** | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Bridgecrest** | 2016 Ford Fusion 69000 miles | 18,464.00 | 6.50% | 100.00 |
| **Progressive Leasing** | All Collateral | 1,700.00 | 4.00% | 20.00 |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

   ☐ with interest at ____% per annum; **or** ☐ without interest:
   **None**

   (h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**0.00**, whichever is greater.

| Debtor | Tomovia Larae Hall | Case number | 19-10546 |
|---|---|---|---|

5. **Executory Contracts.**
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| World Acceptance/Finance Corp | | All Collateral |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Exeter Finance Corp | 2017 Nissan Altima 35000 miles Brother's vehicle. Debtor to surrender her interest in full satisfaction of the debt. | Full Satisfaction of the Debt. |
| Nissan Motor Acceptance | All Collateral, vehicle previuously totaled in accident | Full Satisfaction of the Debt. |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit

| | | | |
|---|---|---|---|
| Debtor | **Tomovia Larae Hall** | Case number | **19-10546** |

the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

• The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part, of his/her student loan obligations.
• The Debtor shall be allowed to seek enrollment in any applicable income-driven repayment ("IDR") plan with the U. S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), without disqualification due to his/her bankruptcy.
• Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan.
• The Debtor may, if necessary and desired, seek a consolidation of his/her student loans by separate motion and subject to subsequent court order.
• Upon determination by Ed of his/her qualification for enrollment in an IDR and calculation of any payment required under such by the Debtor, the Debtor shall, within 30 days, notify the Chapter 13 Trustee of the amount of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 Plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• The Debtor shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of his/her updated payment, notify the Chapter 13 Trustee of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• During the pendency of any application by the Debtor to consolidate his/her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payments of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and any other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.
• In the event of any direct payments that are more than 30 days delinquent, the Debtor shall notify his/her attorney, who will in turn notify the Chapter 13 Trustee, and such parties will take appropriate action to rectify the delinquency.
• The Debtor's attorney may seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR.
Provided there is no demand by the mortgage holder(s) for payment of pre-petition debt, the Debtor(s) shall not consider it to be a violation of the automatic stay for Debtor's (Debtors') mortgage holder(s) to send regular monthly mortgage account statements, coupon books, notice of payment and/or escrow changes or outher such notices as the mortgage holder(s) may send in the normal course of business with respect to any post-petition payments and/or obligations of the Debtor(s). Debtor(s) further request the mortgage holder(s) allow the Debtor(s) to pay all post-petition mortgage payments by check, electronic funds transfers (ETFs), telephonic payments, money orders, Western Union or any other manner acceptable to the mortgage holder(s).

• The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part, of his/her student loan obligations.
• The Debtor shall be allowed to seek enrollment in any applicable income-driven repayment ("IDR") plan with the U. S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), without disqualification due to his/her bankruptcy.
• Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan.
• The Debtor may, if necessary and desired, seek a consolidation of his/her student loans by separate motion and subject to subsequent court order.
• Upon determination by Ed of his/her qualification for enrollment in an IDR and calculation of any payment required under such by the Debtor, the Debtor shall, within 30 days, notify the Chapter 13 Trustee of the amount of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 Plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• The Debtor shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of his/her updated payment, notify the Chapter 13 Trustee of such payment. At such time, the Trustee or the Debtor may, if necessary, file a Motion to Modify the Chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
• During the pendency of any application by the Debtor to consolidate his/her stude

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: **May 1, 2019**          /s/ Tomovia Larae Hall

GASB - Form 113 December 1, 2017

| Debtor | Tomovia Larae Hall | Case number | 19-10546 |
|---|---|---|---|

Tomovia Larae Hall
*Debtor 1*

_____
*Debtor 2*

/s/ D. Clay Ward
D. Clay Ward 736770
*Attorney for the Debtor(s)*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: } | |
|    Tomovia Larae Hall, } | CASE NO.: 19-10546 |
|    Debtor. } | |

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that I have this day served upon the following parties a copy of the foregoing Chapter 13 plan by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:
**See matrix attached as Exhibit 1.**

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following corporations addressed to an Agent or Officer by First Class Mail placing the same in United States Mail with proper postage affixed thereon:

| | |
|---|---|
| **VIA CERTIFIED MAIL** | **VIA CERTIFIED MAIL** |
| **Bridgecrest** | **Prog Leasing LLC** |
| c/o Officer or Agent for Service | c/o Officer or Agent for Service |
| 7300 E Hampton Ave, Ste 100 | 256 West Data Drive |
| Mesa, AZ 85209-3324 | **Draper, UT 84020-2315** |

I hereby certify that I have this day served a copy of the foregoing Chapter 13 plan upon the following creditors in the manner proscribed by Rule 7004, as the Chapter 13 plan proposes to modify/alter/avoid their secured status pursuant to paragraph 4(f) or paragraph 8 of the plan:
**N/A**

I hereby certify that I have this day electronically served the following parties and counsel via CM/ECF:
**N/A**

This 1st day of May, 2019.

/s/ D. Clay Ward
D. Clay Ward
Ward and Spires, LLC
445 Walker Street
Augusta, GA 30901
706-724-2640

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113J-1<br>Case 19-10546-SDB<br>Southern District of Georgia<br>Augusta<br>Wed May  1 16:43:04 EDT 2019 | (p)CREDITORS BANKRUPTCY SERVICE<br>PO BOX 800849<br>DALLAS TX 75380-0849 | AMCA/American Medical Collection Agency<br>Attention: Bankruptcy<br>4 Westchester Plaza, Suite 110<br>Elmsford NY 10523-1615 |
| Afni, Inc.<br>Attn: Bankruptcy<br>Po Box 3427<br>Bloomington IL 61702-3427 | Bridgecrest<br>Attn: Bankruptcy<br>7300 E Hampton Ave, Ste 100<br>Mesa AZ 85209-3324 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City UT 84130-0285 |
| Convergent Outsourcing, Inc.<br>Attn: Bankruptcy<br>Po Box 9004<br>Renton WA 98057-9004 | D. Clay Ward<br>Ward and Spires, LLC<br>PO Box 1493<br>Augusta, GA 30903-1493 | Deptartment Store National Bank/Macy's<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason OH 45040-8999 |
| Exeter Finance Corp<br>Po Box 166008<br>Irving TX 75016-6008 | FedLoan Servicing<br>Attn: Bankruptcy<br>Po Box 69184<br>Harrisburg PA 17106-9184 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 |
| Tomovia Larae Hall<br>PO Box 566<br>Hephzibah, GA 30815-0566 | Huon Le<br>P.O. Box 2127<br>Augusta, GA 30903-2127 | Natiowide Recovery Service<br>Attn: Bankruptcy<br>Po Box 8005<br>Cleveland TN 37320-8005 |
| Nissan Motor Acceptance<br>PO Box 660360<br>Dallas TX 75266-0360 | Office of the U. S. Trustee<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638 | Portfolio Recovery<br>Po Box 41021<br>Norfolk VA 23541-1021 |
| (p)PROG LEASING LLC<br>256 WEST DATA DRIVE<br>DRAPER UT 84020-2315 | Ronnie Hill<br>2987 Old Lodge Road<br>Hephzibah GA 30815-4994 | Usaa Federal Savings B<br>10750 Mcdermott Fwy<br>San Antonio TX 78288-1600 |
| Usaa Federal Savings Bank<br>Attn: Bankruptcy<br>10750 Mcdermott Freeway<br>San Antonio TX 78288-1600 | Dempsey Clay Ward<br>Ward & Spires<br>P O Box 1493<br>Augusta, GA 30903-1493 | World Acceptance/Finance Corp<br>Attn: Bankruptcy<br>Po Box 6429<br>Greenville SC 29606-6429 |

no name on CR Liability

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Exhibit 1

| | | |
|---|---|---|
| AAFES<br>Attention: Bankruptcy<br>Po Box 650060<br>Dallas TX 75265 | Georgia Department of Revenue<br>Bankruptcy Dept.<br>1800 Century Blvd. NE<br>Atlanta GA 30345 | Progressive Leasing<br>10619 South Jordan Gateway<br>Suite 100<br>South Jordan UT 84095 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Tomovia Larae Hall
PO Box 566
Hephzibah GA 30815-0566

End of Label Matrix
Mailable recipients    24
Bypassed recipients     1
Total                  25

Exhibit 1